UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM E. S., <br> Plaintiff, <br> v. <br> NANCY A. BERRYHILL, Acting Commissioner of Social Security, <br> Defendant. | No. CV 18-3319 AGR <br><br> MEMORANDUM OPINION AND ORDER |

Plaintiff[1] filed this action on April 20, 2018.  On January 3, 2019, the parties filed a Joint Stipulation ("JS") that addressed the disputed issues.  The court has taken the matter under submission without oral argument.[2]

Having reviewed the entire file, the court affirms the decision of the Commissioner.

---

[1] Plaintiff's name has been partially redacted in compliance with Fed. R. Civ. P. 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge.  (Dkt. Nos. 10, 12.)

# I.
# **PROCEDURAL BACKGROUND**

Plaintiff filed an application for disability insurance benefits on June 30, 2014 and alleged an onset date of October 20, 2012. Administrative Record ("AR") 17. The application was denied initially. AR 17, 131. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). On October 14, 2016, the ALJ conducted a hearing at which Plaintiff and a vocational expert ("VE") testified. AR 36-68. On February 2, 2017, the ALJ issued a decision denying benefits. AR 15-31. On March 1, 2018, the Appeals Council denied review. AR 1-5. This action followed.

# II.
# **STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), this court has authority to review the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995) (per curiam); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

# III.

# DISCUSSION

## A. Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22 (2003) (citation and quotation marks omitted).

## B. The ALJ's Findings

The ALJ found that Plaintiff met the insured status requirements through December 31, 2014. AR 21. Following the five-step sequential analysis applicable to disability determinations, *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006),[3] the ALJ found that Plaintiff had the severe impairments of gout, fibromyalgia, arthralgia, osteoarthritis, hypertension, obstructive sleep apnea and obesity. AR 21.

The ALJ found that, through the date last insured, Plaintiff had the residual functional capacity to perform light work except that he could lift/carry up to 20 pounds occasionally and up to 10 pounds frequently; stand/walk for two hours in an eight-hour workday; sit for six hours in an eight-hour workday; and occasionally kneel, stoop and crouch. AR 25. Plaintiff was unable to perform his past relevant work but there were jobs that existed in significant numbers in the national economy that he could perform such as information clerk and small parts assembler. AR 29-31.

---

[3] The five-step sequential analysis examines whether the claimant engaged in substantial gainful activity, whether the claimant's impairment is severe, whether the impairment meets or equals a listed impairment, whether the claimant is able to do his or her past relevant work, and whether the claimant is able to do any other work. *Lounsburry*, 468 F.3d at 1114.

## C. Residual Functional Capacity

The RFC measures the claimant's capacity to engage in basic work activities. *Bowen v. New York*, 476 U.S. 467, 471 (1986). The RFC is a determination of "the most [an individual] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a); *Treichler v. Comm'r*, 775 F.3d 1090, 1097 (9th Cir. 2014). It is an administrative finding, not a medical opinion. 20 C.F.R. § 404.1527(e). The ALJ's RFC assessment must be supported by substantial evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).

Plaintiff argues that the ALJ's residual functional capacity ("RFC") assessment failed to account for his episodic gout flares. On December 5, 2013, Plaintiff complained of left toe pain for the past 2-3 months. AR 285, 305. On January 13, 2014, Plaintiff stated he was unable to adhere to the weight loss walking regimen due to gout pain. AR 312. However, he did not need help with walking from a cane, crutches or other assist device. AR 313. On February 20, 2014, Plaintiff stated he had stopped all medications for ten days after becoming constipated. He reported left foot pain, worse with ambulation. He had mild swelling of the left big toe, ankle and knee. He was diagnosed with an acute gout flare that was starting to resolve. AR 304. On March 31, 2014, Plaintiff reported that gout interfered with his weight loss exercise but not with activities of daily living. AR 310. Plaintiff stated he did not need help with walking from a cane, crutches or other assist device. AR 311. On June 30, 2014, Plaintiff reported he was "doing well" and did not need help with walking from a cane, crutches or other assist device. AR 375-76. On August 12, 2014, Plaintiff did not complain of gout and did not need help with walking. AR 390-91. On September 30, 2014, Plaintiff reported to the examining physician, Dr. Segh, that he was having a gout flare. AR 414. He used crutches to walk around the room. AR 419. Dr. Sedgh noted swelling and redness of the left big toe. AR 418-19. Dr. Segh recommended a four-prong cane for short distance and a crutch for long distance "until healing of the gout." AR 418-20.

The ALJ explained why she did not include Dr. Segh's recommendation in the RFC assessment. The recommendation was temporary. The ALJ observed that as of October 24, 2014, Plaintiff's gait was normal and he walked without an assist device. AR 26, 429. Medical records dated December 1, 2014 indicated, with respect to gout, "no acute flares since starting allopurinol." AR 26, 791. The ALJ concluded that the gout appeared "effectively controlled with the introduction of this medication." AR 28. Plaintiff testified that, as of December 2014, he could have stood and walked "two to three hours." AR 58.

The ALJ's reasons for not adopting Dr. Sedh's temporary recommendation are supported by substantial evidence in the record. *See Carmickle v. Comm'r*, 533 F.3d 1155, 1165 (9th Cir. 2008) (ALJ could properly view physician's temporary restriction as not indicative of long term functioning); *see also Thomas v. Barnhart*, 278 F.3d 947, 956-57 (9th Cir. 2002) ("'When there is conflicting medical evidence, the Secretary must determine credibility and resolve the conflict.'") (citation omitted).

### D. **Vocational Expert Testimony**

An ALJ may rely on a vocational expert's testimony in response to a hypothetical that contains all of the limitations the ALJ found credible and supported by substantial evidence in the record. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005). "A VE's recognized expertise provides the necessary foundation for his or her testimony. Thus, no additional foundation is required." *Id.* at 1218; *see also Buck v. Berryhill*, 869 F.3d 1040, 1051 (9th Cir. 2017) (quoting *Bayliss*). "[A]t least in the absence of any contrary evidence, a VE's testimony is one type of job information that is regarded as inherently reliable; thus, there is no need for an ALJ to assess its reliability." *Id.* at 1051. The ALJ may not rely on a VE's testimony regarding the requirements of a particular job without first inquiring whether the testimony conflicts with the DOT. If the testimony conflicts, the ALJ must obtain a reasonable explanation for the deviation. *Massachi v. Astrue*, 486 F.3d 1149, 1152-54 (9th Cir. 2007). The ALJ's failure to

inquire, however, can be harmless error when there is no actual conflict, or if the VE provided sufficient support to justify any variation from the DOT. *Id.* at 1154 n.19.

The VE testified that a person with Plaintiff's RFC could perform the representative "bench light" jobs of information clerk and small parts assembler. AR 64. The VE testified that there was no conflict between her testimony and the Dictionary of Occupational Titles ("DOT"). AR 64-65.

Plaintiff argues that the VE's testimony conflicted with the DOT. "For a difference between an expert's testimony and the [DOT]'s listings to be fairly characterized as a conflict, it must be obvious or apparent. This means that the testimony must be at odds with the [DOT]'s listing of job requirements that are essential, integral, or expected. . . . But tasks that aren't essential, integral, or expected parts of a job are less likely to qualify as apparent conflicts that the ALJ must ask about. Likewise, where the job itself is a familiar one – like cashiering – less scrutiny by the ALJ is required." *Gutierrez v. Colvin*, 844 F.3d 804, 808 (9th Cir. 2016). "[A]n ALJ must ask follow up questions of a vocational expert when the expert's testimony is either obviously or apparently contrary to the [DOT], but the obligation doesn't extend to unlikely situations or circumstances." *Id.* Nevertheless, even though the duty may not be triggered, "[t]o avoid unnecessary appeals, an ALJ should ordinarily ask the VE to explain in some detail why there is no conflict between the DOT and the applicant's RFC." *Lamear v. Berryhill*, 865 F.3d 1201, 1205 (9th Cir. 2017).

Plaintiff does not identify any obvious or apparent conflict between the DOT and the VE's testimony. Indeed, consistent with the VE's testimony, the DOT categorizes both representative jobs identified by the VE as "Light Work" whose physical requirements "are in excess of those for Sedentary Work." *See* DOT 237.367-018 (information clerk); DOT 706.684-022 (small parts assembler). Plaintiff essentially contends there is a conflict between the DOT and Social Security Ruling 83-10. Plaintiff argues that, according to Social Security Ruling ("SSR") 83-10, light work usually requires an ability to stand and walk for six hours in an eight-hour workday. (JS at 10.)

Social Security Rulings lack the force of law but are entitled to some deference "'as long as they are consistent with the Social Security Act and regulations.'" *Molina v. Astrue*, 674 F.3d 1104, 1113 n.5 (9th Cir. 2012) (citation omitted). While it is true that SSR 83-10 states that "the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday," the VE testified in this case that the ALJ's hypothetical was "not a full range of light." AR 64. The DOT includes, in the category of Light Work, jobs that require standing or walking "to a significant degree", jobs that require "sitting most of the time" but also entail pushing/pulling of arm or leg controls, or jobs requiring "production rate pace" with the constant pushing/pulling of materials even though the weight of those materials may be negligible. *See* DOT 237.367-018 (information clerk); DOT 706.684-022 (small parts assembler). Plaintiff has not shown an obvious or apparent conflict between the VE's testimony and the DOT. *See Martin v. Colvin*, 2016 U.S. Dist. LEXIS 30039, *45-*47 (D. Or. Feb. 9, 2016) (rejecting similar argument); *Willrodt v. Astrue*, 2010 U.S. Dist. LEXIS 73412 (C.D. Cal. July 19, 2010) (same). The ALJ did not err.

## IV.

## **ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner is affirmed.

DATED: March 14, 2019

_____
ALICIA G. ROSENBERG
United States Magistrate Judge

7